**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**WESTERN DIVISION**

|  |  |
|---|---|
| ROBERT MAU and <br> EAGLE WELL SERVICES, INC. <br><br> Plaintiffs, <br><br> v. <br><br> TWIN CITY FIRE INSURANCE COMPANY, <br><br> Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

To the United States District Court for the District of North Dakota:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Twin City Fire Insurance Company ("Twin City") hereby files a Notice of Removal of Case No. 51-2016-CV-01386, from the State of North Dakota, North Central Judicial District of Ward County in which it is now pending, to the United States District Court for the District of North Dakota.  In support of this Notice of Removal, Twin City avers as follows:

**I.     Background**

1.     On August 10, 2016, counsel for Plaintiffs Robert Mau and Eagle Well Services, Inc. emailed counsel for Twin City a copy of a complaint to be filed in the North Central Judicial District of Ward County.  On August 18, 2016, counsel for Plaintiffs sent counsel for Twin City a revised complaint[1], which was filed in the North Central District of

---

[1] The August 10, 2016 copy of Plaintiffs' complaint also included an additional defendant. The August 18, 2016 revised complaint named only Twin City as a defendant.

Ward County on August 19, 2016 (the "Complaint").  A copy of the Summons and Complaint, with exhibits, is attached hereto as Exhibit A.

2. The Complaint seeks a declaratory judgment and alleges breach of duty of the implied covenant of good faith and fair dealing and breach of contract in connection with an insurance policy Twin City issued to Eagle Operating, Inc.

3. Counsel for Twin City was authorized to and did agree to accept service of the Complaint as of August 19, 2016.  A copy of the Acceptance of Service form is attached hereto as Exhibit B.

## II. Twin City Has Satisfied the Procedural Requirements for Removal

4. This Notice is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Twin City's "receipt . . . through service or otherwise" of the Complaint.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a)-(b) because it is the "district and division embracing the place where such action is pending" and Twin City is not a citizen of the state in which this action is brought.

6. No previous application has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed contemporaneously with the Clerk's office for the North Central Judicial District of Ward County.

## III. This Court Has Subject Matter Jurisdiction Pursuant To 28 U.S.C. §§ 1332 and 1441.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Twin City and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

### A. There Is Complete Diversity of Citizenship.

9. According to the Complaint, Mau is an individual residing in the State of North Dakota, and thus a citizen of North Dakota. *See* Compl. ¶2.

10. According to the Complaint, Eagle Well Services is a North Dakota corporation and, upon information and belief, has its principal place of business in North Dakota. *See* Compl. ¶3.

11. Twin City is not a North Dakota corporation, nor does it have its principal place of business in North Dakota.

12. Therefore, there is complete diversity of citizenship between Mau and Eagle Well Services, on the one hand, and Twin City, on the other hand, in this action pursuant to 28 U.S.C. § 1332.

### B. The Amount In Controversy Requirement Is Satisfied.

13. Twin City has a good faith belief that Plaintiffs are seeking damages in excess of the jurisdictional amount of this court notwithstanding that the prayer of the Complaint does not specify the dollar damages being sought. Among other things, Plaintiffs allege in their Complaint that Twin City is responsible for Plaintiffs' defense costs incurred in an underlying litigation and for all amounts Plaintiffs paid to resolve that litigation up to the limits of the insurance policy at issue, which is $1 million, *see* Compl. ¶¶ 71, 82, 23. Therefore, upon information and belief, the value of the claims alleged in the Complaint, if Plaintiffs were to prevail, exclusive of interest and costs, would exceed the $75,000 amount in controversy required for diversity jurisdiction.

14. Twin City denies liability and damages to Plaintiffs in any amount.

**WHEREFORE,** Plaintiffs' Complaint, originally filed in the North Central Judicial District of Ward County for the state of North Dakota, may be removed to this Court.

Respectfully submitted,

Date: September 8, 2016   **CROWLEY FLECK PLLP**

  */s/ Michael C. Waller*
Michael C. Waller (ND ID #04838)
100 West Broadway, Suite 250
P.O. Box 2798
Bismarck, ND  58502
Telephone:  (701) 223-6585
Email: mwaller@crowleyfleck.com

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
Ronald P. Schiller (Pa. I.D. No. 41357)
Bonnie M. Hoffman (Pa. I.D. No. 201140)
One Logan Square, 27th Floor
Philadelphia, PA  19103
Telephone:  (215) 568-6200
E-mail:  rschiller@hangley.com
           bhoffman@hangley.com
(*pending admission*)

*Attorneys for Defendant,*
*Twin City Fire Insurance Company*

## CERTIFICATE OF SERVICE

I, Michael C. Waller, certify that on September 8, 2016, a copy of the foregoing Notice of Removal was served by regular U.S. mail and by email on:

William F. Jones, Esquire
Jason D. Hermele, Esquire
billy.jones@moyewhite.com
jay.hermele@moyewhite.com
Moye White, LLP
16 Market Square, 6th Floor
1400 Sixteenth Street
Denver, CO  80202

    */s/ Michael C. Waller*
    Michael C. Waller (ND ID #04838)