# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA
# WESTERN DIVISION

Civil Action No. 1:16-cv-00325-CSM

ROBERT MAU and
EAGLE WELL SERVICES, INC.

    Plaintiffs/Counterclaim Defendants,

v.

TWIN CITY FIRE INSURANCE COMPANY

    Defendant/Counterclaim Plaintiff

v.

EAGLE OPERATING

    Counterclaim Defendant.

## AMENDED PROTECTIVE ORDER

The parties have jointly moved the Court for entry of an Amended Protective Order pursuant to Fed. R. Civ. P. 26(c) concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1.    "Confidential Information" means non-public materials (regardless of how generated, stored, or maintained) or tangible things containing sensitive commercial, financial, or technical information that the producing party believes in good faith must be held confidential to protect business or commercial interests or to avoid impairing commercial value or competitive worth.

2. Where Confidential Information is produced, provided, or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner**:**

   a. By imprinting the word "Confidential" on the first page or cover of any document produced;

   b. By imprinting the word "Confidential" next to or above any written response to a discovery request; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than fourteen (14) calendar days after receipt of the transcribed testimony.

3. Except with the prior written consent of the producing party, no Confidential Information may be used by the receiving party for any purpose other than the conduct of this litigation, or disclosed to any person other than:

   a. A party to this litigation;

   b. The officers, directors, or managers of a party to this litigation who have direct responsibility for the conduct of the litigation;

   c. Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

   d. Any person who on the face of the document is indicated to be the author, addressee or copy recipient of the document;

   e. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

4826-8793-1717, v. 1

f.  Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

g.  Consulting and testimonial experts assisting counsel in the litigation;

h.  Persons engaged by counsel for a party to organize, file, code, convert, store, or retrieve data in connection with this action, or designing programs for handling data in connection with this action, including the employees of third-party contractors performing one or more of these functions;

i.  any regulator, auditor, accountant, insurer, reinsurer, insurer's/reinsurer's third-party service provider, actuary, or reinsurance intermediary who, in the normal course of business, would have access to, or to whom a party has a contractual, legal, or regulatory obligation to provide such information;

j.  Any individual *not* identified in subsections 3(a), (b), (c), (d), or (i) above must first have signed an Agreement to be Bound by Amended Protective Order in the form of **Exhibit A** to this Order, which the attorney making the disclosure shall retain in his or her files.

4. This Amended Protective Order has no effect on and shall not apply to (1) a producing party's use of its own Confidential Information for any purpose or (2) its own use of documents or other information developed or obtained independently of discovery in this action for any purpose.

5. Individuals authorized to review Confidential Information pursuant to this Amended Protective Order shall hold Confidential Information in confidence and shall not

4826-8793-1717, v. 1

divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by this or other court order.

6. The party's counsel who discloses Confidential Information shall be responsible for assuring compliance with paragraph three of this Amended Protective Order with respect to persons to whom such Confidential Information is disclosed.

7. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

8. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, counsel shall request a telephonic conference with the assigned magistrate judge in accordance with D.N.D. Local Rule 37.1(B), after which opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within a reasonable period of time after receipt by counsel of notice of opposing counsel's objection, such time not to exceed 30 days without agreement of counsel, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

9. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting

4
4826-8793-1717, v. 1

or discussing Confidential Information should be filed "under seal" or otherwise kept out of the public record in this action. Before filing any documents under seal, the parties shall comply with any applicable requirements of the Federal Rules of Civil Procedure that would require leave of Court in order to make such a filing.

10. If timely corrected, an inadvertent failure to designate qualified information or items as Confidential Information does not waive the designating party's right to secure protection under this Amended Protective Order for such material. If material is appropriately designated as Confidential Information after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Amended Protective Order.

11. Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product doctrine, or other applicable privileges during discovery in this matter shall be without prejudice to any claim that such document or other information is privileged or confidential, and no party shall be held to have waived any rights by such inadvertent disclosure. If the producing party claims in writing that identified material was inadvertently disclosed, the receiving party shall immediately destroy or return to counsel for the producing party any and all copies of the identified material and thereafter refrain from any use whatsoever of the identified material.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Amended Protective Order.

13.     By agreeing to the entry of this Amended Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.     Upon termination of this litigation, including any appeals, each party's counsel shall immediately destroy or return to the producing party all Confidential Information provided subject to this Amended Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, except to the extent that such destruction or return would be impractical, in which case each party agrees to keep such materials confidential.  Each party's counsel shall certify that this has been done within twenty-one (21) days of termination of the litigation.

15.     Nothing in this Amended Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16.     Nonparties subject to subpoenas issued in this action shall be entitled to all rights provided herein, as well as subject to all obligations imposed herein.

Dated this 15th day of March, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court

# EXHIBIT A

## AGREEMENT TO BE BOUND BY AMENDED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she received a copy of the Amended Protective Order entered in the action titled ROBERT MAU and EAGLE WELL SERVICES, INC., Plaintiffs/Counterclaim Defendants, v. TWIN CITY FIRE INSURANCE COMPANY, Defendant/Counterclaim Plaintiff v. EAGLE OPERATING, INC., Counterclaim Defendant, pending in the United States District Court for the District of North Dakota (Civil Action No. 1:16-cv-00325-CSM), has read the Protective Order, and agrees to: (1) be bound by all of the provisions thereof; and (2) submit to the jurisdiction of United States District Court for the District of North Dakota for all matters relating to his/her compliance with the obligations under the Protective Order.

Dated: _____

Name: _____

Signature: _____