IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Robert Mau, Eagle Well Services, Inc., | ) |
| | ) |
| Plaintiffs/Counterclaim Defendants, | ) **ORDER** |
| | ) |
| vs. | ) |
| | ) |
| Twin City Fire Insurance Company, | ) Case No. 1-16-cv-325 |
| | ) |
| Defendant/Counterclaim Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Eagle Operating, Inc., | ) |
| | ) |
| Counterclaim Defendant. | ) |

Before the court is Twin City Fire Insurance Company ("Twin City")'s Motion to Stay Discovery, (Doc. No. 55), wherein Twin City seeks a stay in discovery until the pending motions for summary judgment have been resolved. (Doc. No. 27, 47). Robert Mau, ("Mau"), Eagle Well Services, Inc., ("EWS") and Eagle Operating, Inc. ("EOI") (collectively "Plaintiffs") oppose the motion, arguing discovery should be allowed to go forward. (Doc. No. 60)

**I. BACKGROUND**

The following facts are either undisputed or simply assumed to be true for purposes of this motion. EOI entered into an insurance contract with Twin City that was effective from April, 2013 through April, 2014. This contract covered certain losses stemming from any EOI "subsidiary." The contract contained a number of attached endorsements, the most pertinent of which is Endorsement 2, which defined "subsidiary" as including EWS, Star Well Services, Inc., and MW Industries, Inc.

-1-

("MW") (Doc. No. 27-4). The policy generally provided coverage for the directors of the defined subsidiaries. During its effective period, Mau served as President of MW and was on its board of directors. Mau was also the President of EWS and a shareholder.

### A. Sun Well, EWS Sale and Litigation

In February 2012, Sun Well Services, Inc., through one of its predecessors, purchased assets from EWS. The Asset Purchase Agreement ("APA") consummating the sale, which Mau signed as the President and shareholder of EWS, contained a noncompete clause. In April 2012, MW sold two well servicing rigs to American Well Services, LLP, ("AWS"), which Mau owned with Gregory Wiedmer. At the time of this sale, Mau was President of MW. On December 27, 2013, Sun Well sued Mau, AWS, EWS, and Wiedmer, alleging MW's sale of these servicing rigs was on terms so favorable as to constitute competition violating the noncompete clause in the APA. As is relevant here, Sun Well pled causes of action for breach of contract relating to the APA's noncompete provision, fraud, and civil conspiracy against both Mau and EWS.

### B. Insurance Claim

On January 17, 2014, Mau submitted a notice of claim to representatives for Twin City. (Doc. No. 27-9). Mau also forwarded a copy of the Sun Well complaint. On June 6, 2014, Twin City denied coverage for the lawsuit. (Doc. No. 27-12). From that point, Mau represented himself in the Sun Well litigation, which, although not completely clear, ended in a settlement.

### C. Current Litigation

On August 17, 2016, Mau and EWS initiated the current action in state district court in Ward County. (Doc. No. 1-1). In the complaint, Mau and EWS pled a cause of action for declaratory relief seeking a declaration they were insureds under the contract with Twin City, pled a cause of

action for breach of the implied duty of good faith and fair dealing, and pled a cause of action for breach of contract. (Doc. No. 1). Twin City removed on September 8, 2016. (Doc. No. 1).

Plaintiffs moved for partial summary judgement on January 27, 2017. (Doc. No. 27). In the motion, the Plaintiffs seek summary judgment insofar as the court should declare, as a matter of law, Twin City owed a duty to defend Mau in the Sun Well litigation and Twin City breached that duty. Twin City also filed a motion for summary judgment. (Doc. No. 46-1). In the motion, Twin City seeks summary judgment, arguing that, as a matter of law, Twin City did not owe a duty to defend or indemnify Mau in the Sun Well litigation. Alternatively, Twin City argues that, if it had such a duty, its failure to abide by that duty was not in bad faith as a matter of law.

## II. DISCUSSION

In the motion currently before the court, Twin City seeks an order staying discovery until resolution of the pending motions for summary judgment. (Doc. Nos. 27, 46-1). Twin City argues discovery should not go forward because the pending motions for summary judgment will, in essence, either dispose of this case or significantly reduce the matters in dispute and possibly render any further discovery wasteful. The Plaintiffs contest the motion, arguing the current motion is a delay tactic and further discovery is necessary to respond to Twin City's motion for summary judgment. The court temporarily stayed discovery pending resolution of this motion. (Doc. No. 65).

In considering a motion to stay discovery, courts within the Eighth Circuit have observed:

> Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, district courts have broad discretion to stay of discovery. Steinbuch v. Cutler, 518 F.3d 580, 588 (8th Cir. 2008) (citing Lakin v. Prudential Sec., Inc., 348 F.3d 704, 713 (8th Cir. 2003)); see also Maune v. Int'l Bhd. of Elec. Workers, 83 F.3d 959, 963 (8th Cir. 1996) (upholding the district court's granting of a party's request to stay discovery); Blair v. Douglas County, No. 8:11CV349, 2013 WL 2443819, at *1 (D. Neb. June 4, 2013) ("[I]t is a settled proposition that a court has broad discretion and inherent

> power to stay discovery until preliminary questions that may dispose of the case are determined."). Courts have used various standards in determining whether to stay discovery, including: (1) whether there is a strong showing that a claim is unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. Chesney v. Valley Stream Union Free Sch. Dist., 236 F.R.D. 113, 116 (E.D. N.Y. 2006). Courts may also consider the complexity of the action and the stage of litigation. Chesney, 236 F.R.D. at 116. See also Benge v. Eli Lilly & Co., 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008) (identifying three factors in determining whether a stay is appropriate: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources.").

Allen v. Agreliant Genetics, LLC, No. 15-CV-3172-LTS, 2016 WL 5416418 at *2 (N.D. Iowa September 26, 2016). Under the court's discretion, the court concludes discovery should be stayed.

Based upon the current posture of the case, Judge Hovland's rulings on the pending motions for summary judgment will alter how the case is to further proceed, if it is to further proceed at all. If Twin City did not have any duty to defend or indemnify Mau, whether that be because EWS was not an insured entity under the insurance contract or, even if EWS is considered an insured entity under the contract, because an exclusion applies, this case will all but end and the court would not need to reach the issue of whether Twin City denial of Mau's claim was in bad faith. Conversely, if Twin City had a duty to defend and indemnify Mau, the record seems clear Twin City breached that duty and the case would proceed forward on the issue of damages and the bad faith claim.

Given these possible avenues for disposition, the court is not inclined to allow discovery to go forward at this time. Many of the factual issues about which great dispute exists—whether EWS was properly included in Endorsement 2, whether Endorsements 9 or 10 were effective, whether Twin City properly handled Mau's claim, etc.—are potentially secondary in that an exclusion may be applicable so as to foreclose any duty to defend or indemnify. In this event, the disputed factual issues, and the substantial amount of effort and expense associated with discovery on those issues,

would be for naught. The court is not prepared to allow the parties to continue discovery on those issues without assurance that discovery is necessary. The specter of the pending motions for summary judgment, and the various attendant avenues of disposition, provide nothing of the sort.

In addition to furthering litigation economy, a stay to discovery will also further judicial economy. Currently, there are two motions to compel before the court. (Doc. Nos. 38, 39). The motions concern claim notes and insurance reserve funds associated with Mau's claim. Twin City has withheld such information under privilege, while Twin City argues such information is not privileged and is germane to its bad faith claim. The court already conducted one hearing to discuss these disputes. (Doc. No. 30). By staying discovery in this matter, the court need not expend time and resources resolving these discovery disputes on potentially secondary issues. Also, given the early stage of this litigation, and the level of contention between the parties, more discovery disputes are likely to arise as this case proceeds. The stay also prevents the court from having to entertain any further discovery motions or hearings on issues that may be of no consequence.

The court is also inclined to stay discovery because no prejudice will result from the stay. In opposing the stay, Plaintiffs have not identified any prejudice that may flow from conducting discovery later rather than sooner. Rather, the Plaintiffs argue discovery should go forward because they lack the information necessary to respond to Twin City's Motion for Summary Judgment. In the motion, Twin City alternatively argues that, even if it had a duty to defend Mau, its disinclination to do so was not born of bad faith as a matter of law. As to this argument, the Plaintiffs countered by arguing a disputed issue of fact exists and summary judgment should not be granted under Fed.R.Civ.P. 56(d) because it did not have the information necessary for a proper response. The problem with this argument is twofold. First, as discussed above, the bad faith issue may not be

determinative in this case, rendering the Plaintiffs' Rule 56(d) objection moot.  Second, if the bad faith issue becomes determinative, the undersigned has full confidence the Rule 56(d) objection will be considered.  The need for further discovery on an issue potentially unnecessary for disposition is not a compelling reasons to stay discovery.

## III. CONCLUSION

For the reasons stated above, the court **GRANTS** Twin City's Motion to Stay Discovery. (Doc. No. 55).  Discovery in this matter is hereby stayed until further order of the court.

**IT IS SO ORDERED.**

Dated this 23rd day of August, 2017.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court